UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80732-CIV-HURLEY

MARYANN LARKIN and
THOMAS LARKIN,
    plaintiffs,

vs.

UNITED STATES OF AMERICA,
    defendant
_____/

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR DECLARATORY AND
INJUNCTIVE RELIEF *WITH PREJUDICE* &
GRANTING DEFENDANT'S MOTION TO DISMISS THE CLAIMS FOR REFUND OF
INTEREST *WITHOUT PREJUDICE* TO FILE AN AMENDED COMPLAINT

**Preface**

Maryann and Thomas Larkin bring this lawsuit seeking to reverse a decision of the Internal Revenue Service (IRS). Plaintiffs claim that they are entitled to a refund of interest they paid for the fiscal year 2007, which they claim was erroneously assessed by the IRS due to an "optics/form(s)/software/systems problem" which allegedly prevented the IRS from correctly processing an offset of an overpayment from another tax year as plaintiffs requested. Plaintiffs asked the IRS to refund the interest and penalties but the IRS declined to do so. [1]

Plaintiffs contend that a refund or abatement should have been granted because there was never a tax deficiency for year 2007, and that the IRS erroneously assessed interest against them as

---

[1] The complaint does not specifically allege the prior submission of an administrative claim for refund, but plaintiffs attach to their complaint a copy of a completed Form 843, dated July 27, 2009, captioned "Claim for Refund and Request for Abatement, " which purports to bear the signatures of both plaintiffs. On this Form, at Box 5.a., plaintiffs thus describe the basis for their claim: "Interest was assessed as a result of IRS errors because taxpayer paid the $70,000 upon which the interest is based on 4/15/2007" [DE# 1-5].

a result of a "broken" computer system which is incapable of processing multi-year transactions correctly. In their current complaint, they accordingly seek a refund of interest and associated penalties paid relative to tax year 2007, as well as declaratory and injunctive relief in the form of a judgment establishing the existence of the claimed IRS error and an injunction directing the IRS to "correctly finalize [the] individual and corporate tax returns" which they previously submitted. As jurisdictional premise for this suit, their complaint invokes 26 U.S.C. §1331 and 26 U.S.C. §§6404(h). In their more recent response to the defendant's motion to dismiss, they alternatively assert 28 U.S.C. §1346(a)(1) and 28 U.S.C. §1332(a) as bases for the assertion of this court's jurisdiction over their dispute.

On behalf of a putative class, presumably consisting of all persons and entities filing 1040X forms showing a "loss carry-back" between 2003 to the present, the Larkins further seek an injunction directing the IRS to "fix the 1040X form and/or to create another form allowing for proper allocation of funds to future but closed tax years;" "fix the software/system to process the multi-year delayed loss carry back tax returns correctly;" "reprocess all tax returns (All 1040X?) between 2003 and the date of the relief that have a loss carry back," and "record and pay all funds allocated and/or distributed to taxpayers resulting from the reprocessing, including interest on interest."

## II. Defendant's Motion to Dismiss

The defendant argues that this action should be dismissed for lack of subject matter jurisdiction because the Tax Court is the exclusive forum for judicial review of an IRS' refusal to abate interest under 26 U.S.C. §6404(e). Additionally, the defendant argues that the waiver of sovereign immunity established by 28 U.S.C. §1346(a) and 26 U.S.C. §7422, providing district courts with jurisdiction to hear tax refund suits once certain jurisdictional pre-requisites are met,

2

does not extend to claims for declaratory or injunctive relief against the United States.

In response, plaintiffs acknowledge that they did request a return of interest from the IRS but contend that this case nevertheless is not properly viewed as a claim for interest abatement because they are seeking the return of interest that was improperly assessed as a result of an erroneously determined tax deficiency. In other words, they argue that because they paid the proper total amount of tax due for tax year 2007, there was never a tax deficiency, and therefore never a "proper accrual of interest" for any tax liability associated with that tax year. Without a "proper accrual of interest, they reason, "there is no interest abatement as the primary problem" [Response DE# 8, p. 9], such that their case is more properly viewed as a claim for tax refund falling under the jurisdictional sweep of 28 U.S.C. §1346(a). As they do not formally abandon their invocation of 26 U.S.C. 6404(h) as an alternative source of jurisdiction, the court examines both potential jurisdictional premises in the discussion which follows.

### III. Discussion

#### A. Plaintiffs' Claim for Abatement of Interest under 26 U.S.C. § 6404(h)

Under Section 6404(e) of the Internal Revenue Code, the Secretary of the Treasury is allowed to abate (or forgive) interest that has accrued on unpaid federal income taxes during non-payment, "if the assessment of interest on a deficiency is attributable to unreasonable error or delay on the part of the IRS." Section 6404(h) allows for judicial review of an agency decision not to grant such relief, but the district courts and the Court of Federal Claims lack jurisdiction to hear cases regarding the abatement of interest attributable to unreasonable errors and delays by the IRS – only "the Tax Court provides the exclusive forum for judicial review of a refusal to abate interest under §6404(e)(1).." *Hinck v United States*, 550 U.S. 501, 506-07, 127 S. Ct. 2011, 2013, 167 L. Ed.2d

888 (2007). Therefore, the court does not have jurisdiction over the Larkins' request for review of a request for abatement of interest pursuant to 26 U. S C. §6404. *Prati v United States*, 81 Fed. Cl. 422 (Fed. Cl. 2008).

## II. Plaintiffs' Claim for Refund of Interest under 26 U.S. C. §1346(a)(1)

In their response to defendants' motion to dismiss, plaintiffs alternatively assert subject matter jurisdiction under 26 U.S.C. §1346(a), which provides:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws...

28 U.S.C. § 1346(a)(1). By its terms, the statute creates three bases for tax related jurisdiction in the district courts: (1) cases seeking recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected; (2) cases seeking recovery of any penalty claimed to have been collected without authority; or (3) the recovery of "any sum" alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws.

In *Flora v United States*, 362 U.S. 145, 149, 80 S. Ct.630, 632, 4 L. Ed.2d 623 (1959), the Supreme Court, in *dicta*, construed the phrase "any sum" as referring to amounts which are neither taxes nor penalties, with interest assessed on a tax liability being one such "obvious example." It also adopted what has become known as the "full payment" rule, requiring payment of the full tax before a refund suit could be brought in a federal district court under §1346(a)(1).

Following *Flora,* several federal courts have since concluded that deficiency interest is to be treated the same as the underlying tax for recovery purposes, *See Alexander Proudfoot Co v*

4

*United States,* 197 Ct. Cl. 219, 454 F.2d 1379 (1972), and that deficiency interest therefore falls under the "any sum" language of §1346(a)(1), allowing district courts to exercise jurisdiction under §1346(a)(1) over actions to recover wrongfully collected interest paid to the IRS. *Calhoun v United States,* 1994 WL 116791 (S. D. Ind. 1994), *citing Magnone v United States*, 733 F. Supp. 613, 615 (S. D. N. Y. 1989), *aff'd*, 902 F.2d 192 (2d Cir. 1990); *Lambropoulos v United States*, 18 Cl. Ct. 235, 237 (1989)("unpaid interest and penalty are treated the same as the underlying tax for jurisdictional purposes"); *Amoco Production Co v United States,* 1988 WL 9112 ( N.D. Ill. 1988) and cases cited *infra* (distinguishing between deficiency interest and overpayment interest); *Frise v United States*, 5 Cl. Ct. 488, 489 -90 (1984). *Compare  E. W. Scripps Co. and Subsidiaries v. United States*, 420 F.3d 589 (6th Cir. 2005)(through the "any sum" provision of 1346(a)(1), the federal government has waived its sovereign immunity with respect to suits for interest on overpayments of tax that are brought in federal district court).

Applying these authorities here, the court concludes that the plaintiffs' claim for refund or recovery of a deficiency interest assessment allegedly improperly assessed by the IRS falls within the "any sum" language of §1346(a)(1), providing a basis for the court's exercise of jurisdiction over the plaintiffs' claim for refund of interest payments made relative to tax year 2007.

Apart from the above primary jurisdictional challenge, the government alternatively contends that the plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction under the "prior claim " rule which allows district court jurisdiction under §1346(a)(1) only when plaintiffs have filed a prior proper administrative claim with the IRS, and limits jurisdiction to those issues which were asserted in that administrative claim.

Here, the government complains that plaintiffs' complaint does not allege that they have

5

complied with this particular jurisdictional prerequisite. While this is technically true, in the sense that there are no allegations in the complaint specifically alleging the existence of a prior administrative refund claim, plaintiffs do attach to their complaint a copy of what appears to be a completed Form 843, captioned "Claim for refund and request for abatement," suggesting that a prior administrative claim was in fact made. As it appears that the jurisdictional deficiency complained of may be susceptible to cure through submission of an amended complaint, the court shall dismiss the complaint without prejudice to the filing of an amended complaint which correctly identifies the premise of this court's jurisdiction under 1346(a)(1) and incorporates a good faith allegation of compliance with the prior administrative claim requirement.

### III. Plaintiff's Claims for Declaratory and Injunctive Relief

The defendant also moves to dismiss the claims for declaratory, equitable and injunctive relief contending that the waiver of sovereign immunity achieved under 26 U.S.C. §1346(a)(1) does not permit an action for injunctive relief or declaratory judgment against the United States. *See e.g. Grant v United States*, 289 F. Supp. 2d 1361, 1367 (S.D. Fla. 2003), citing *Smith v Booth*, 823 F.2d 94, 97 (5th Cir. 1987)(no injunctive relief); *Paragon Mgmt., LLC v Slaughter*, 437 F. Supp. 2d 1267 (N.D. Ala. 2006)(no declaratory judgment).

The court agrees that Congress has preserved the immunity of the United States from declaratory and injunctive relief with respect to all tax controversies, except those pertaining to the classification of organizations under 501(c) of the IRC. *See Murphy v I.R.S.*, 493 F.3d 170 (D.C. Cir. 2007), citing 28 U.S.C. § 2201(a)(courts may grant declaratory relief "except with respect to Federal taxes") and 26 U.S.C. §7421(a)("no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person"). This court, therefore, lacks

jurisdiction over the plaintiffs' claims for declaratory and injunctive relief. *See e.g. Calcutt v United States*, 1998 WL 851358 (D. Md. 1998)(although §1346(a)(1) gives a district court jurisdiction over actions contesting erroneously or illegally assessed taxes, fees or penalties, the waiver of sovereign immunity in that authority is not broad enough to permit the court to order the IRS to accept taxpayer's amended tax returns or to enter a declaratory judgment which would provide that his notes allow him to file such amended tax returns).

### IV. Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1. The defendant's motion to dismiss the plaintiff's claim for refund of interest and associated penalties relative to tax year 2007 is **GRANTED** *without prejudice* for plaintiff to file amended complaint, within **TEN (10) DAYS** from date of entry of this order, which corrects the jurisdictional deficiencies outlined above.

2. The defendant's motion to dismiss the plaintiff's claims for declaratory, equitable and injunctive relief is **GRANTED** and the claims for declaratory, equitable and injunctive relief are **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 3rd day of November, 2011.

Daniel T. K. Hurley
United States District Judge

cc. All counsel