UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-80732-CIV-HURLEY

MARY ANN LARKIN and
THOMAS LARKIN,
    Plaintiffs,

vs.

COMMISSIONER OF THE INTERNAL
REVENUE SERVICE,
    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Mary Ann Larkin and Thomas Larkin bring this action seeking a refund of $1,031.35 in interest assessed against them by the Internal Revenue Service (IRS) for failure to timely pay their 2007 tax liability.[1] Plaintiffs contend that they did not remit payment with their 2007 return because they were due a refund for an overpayment made in 2003 which the IRS should have applied against their 2007 tax liability. Consequently, they claim they were not late in payment on their 2007 tax liability and that the IRS improperly assessed interest against them on their liability for that tax year.

The IRS contends that it has absolute discretion to decide whether to refund an overpayment directly to the taxpayer or to apply it to a specific year's tax liability. Accordingly,

---

[1] Mr. Larkin is an attorney and licensed member of the Florida Bar [Fla. Bar No. 0267521] who has entered a formal appearance in this action as counsel for both plaintiffs. In their original complaint, plaintiffs sought abatement of interest for the 2007 tax year; injunctive and declaratory relief relating to a computer software problem which allegedly prevented the IRS from correctly processing multi-year transactions; compensatory and injunctive relief on behalf of a class of similarly situated taxpayers, and a refund of interest assessed and paid for the 2007 tax year. By orders dated November 3, 2011 and January 18, 2012, the court dismissed the first three claims for lack of subject matter jurisdiction [ECF Nos. 10, 17], leaving only the claim for refund of interest under 26 U.S.C. § 7422 left for determination by the court.

it claims it was not required to apply the 2003 overpayment to the plaintiffs' 2007 tax liability; that it was free to refund the overpayment directly to the Larkins (as it did in July 2008), and that interest properly accrued under 26 U.S.C. § 6601(a) when the Larkins failed to timely pay the tax reported due for the 2007 tax year.[2]

The case is now before the court upon the IRS' motion for summary judgment [ECF No. 20] and Local Rule 56.1 statement of undisputed material facts [ECF No. 21], the plaintiffs' response in opposition [ECF No. 25], and the government's reply [ECF No. 26].

Following careful review of the parties' submissions, the court concludes that interest properly accrued on the plaintiffs' 2007 tax liability and that the IRS is accordingly entitled to entry of summary judgment upon on the claim presented.

## Background[3]

### 2003 Tax Year

On April 15, 2004, Mary Ann Larkin and Thomas Larkin ("the Larkins" or "the taxpayers") filed a joint tax return for 2003 reporting an adjusted gross income of $826,554.00 and a tax liability of $261,175.00. As of April 15, 2004, the Larkins paid $400,000.00 towards

---

[2] Section 6601 of the Internal Revenue Code provides, "If any amount of tax imposed by this title … is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid." 26 U.S C. § 6601(a).

[3] The recitation of facts is drawn from the government's Local Rule 56.1(b) statement of undisputed material facts [ECF No. 21] which is largely derived from the affidavit of Internal Revenue Service agent Donna McGowan [ECF No. 20-1]. The plaintiffs have filed a response in opposition to the IRS' motion for summary judgment primarily complaining about alleged defects in computer software used by the government which led to this controversy and the disputed allocation of funds. Neither this response nor any other filing submitted by plaintiffs sought to place any significant fact in dispute.

By failing specifically to challenge the facts identified in the IRS' statement of undisputed facts, plaintiffs are deemed to have admitted the validity of all facts contained in that statement. See S.D. Fla. Local Rule 56.1(b)("all material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record"); *Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008); *BMU, Inc. v. Cumulus Media, Inc.,* 366 Fed. Appx 47 (11th Cir. 2010); *Joseph v. Napolitano*, ___ F Supp. 2d ___ ,2012 WL 880633 (S.D. Fla. Mar. 15, 2012);

their 2003 tax liabilities, resulting in an overpayment of tax for 2003 of $138,825.00. Pursuant to the Larkins' direction, the IRS applied $100,000 of the 2003 overpayment as an advance payment of the Larkins' liability for the 2004 tax year, and issued a refund of $38,825.00 to the Larkins.

On May 23, 2008, the Larkins filed an amended return for the 2003 tax year which was not processed by the IRS and did not result in any change to their tax liability for that year.

On June 10, 2008, the Larkins filed a second amended return for the 2003 tax year claiming an additional overpayment of $206,311.00 resulting from net operating losses carried back to 2003. On July 9, 2008, the IRS issued a refund check to the Larkins in the amount of $206,311.00, representing the full amount of the overpayment claimed on the June 10, 2008 amended return.

## 2006 Tax Year

On April 15, 2007, the Larkins filed their tax return for the 2006 tax year reporting no tax due. As of April 15, 2007, the Larkins paid $10,000.00 towards their 2006 tax liability, which the IRS refunded to them on May 21, 2007.

On April 19, 2008, the Larkins filed an amended return for the 2006 tax year that was rejected by the IRS for improperly carrying back net operating losses.

On May 23, 2008, the Larkins filed a revised, second amended return for the 2006 tax year claiming an overpayment of $139,911.000, representing the difference in the tax liability that the Larkins reported for 2006 ($76,400.00) and payments totaling $216,311.00, derived from (1) the $10,000.00 estimated tax payment refunded to the Larkins on May 21, 2007 and (2) the $206,311.00 overpayment claimed on amended returns filed for the 2003 tax year in May and

June 2008.  The IRS did not schedule an overpayment for 2006 or make any other adjustments to the Larkins' tax liability as a result of the May 23, 2008 amended return.

Finally, on June 10, 2008, the Larkins filed a third amended return for the 2006 tax year. Based on that return, on September 22, 2008, a delegate of the Secretary of the Treasury assessed additional income tax due of $76,400.00 for tax year 2006, plus interest of $8,013.54.

On November 12, 2008, the Larkins paid $76,000 on account of their tax liability for tax year 2006.  On October 16, 2009, the IRS credited $7,719.41 received pursuant to a levy to the Larkins' assessed tax debt for 2006.

## 2007 Tax Year

On April 15, 2008, the Larkins filed their 2007 tax return reporting a total tax liability of $65,659.00.  On this return, the Larkins reported an estimated tax payment of $181,132.00, purportedly representing an overpayment claimed on an amended return which they filed for the 2006 tax year. [4]

The Larkins made no estimated tax payments towards their 2007 tax liability prior to filing their 2007 federal income tax return.

The IRS did not process the 2007 return until August 2008 – by which time it had already refunded the overpayment from the 2003 amended return (in July 2008). Thus, there was no overpayment from the 2003 amended return left for the IRS to apply to the Larkin's 2007 tax liability.

---

[4] The 2007 tax return submitted by the Larkins overstated their tax liability for that year, resulting in a recalculation by the IRS.  As a result, on August 4, 2008, the IRS assessed $59,312.30 of taxes against the Larkins and $1,031.35 in interest for the 2007 tax year.

On August 25, 2008, the Larkins paid $60,343.65 on account of their tax liability for the 2007 tax year.  Of that amount, $1,031.354 represents interest on their correct tax liability of $59,312.30.

## Discussion

The government argues that 26 U.S.C. § 6402(a) authorizes the IRS to credit an overpayment against any tax liability of a taxpayer.  Section 6402(a) states:

In the case of any overpayment, The Secretary [of the Treasury] … may credit the amount of such overpayment … against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c),(d) (e) and (f), refund any balance to such person.

26 U.S.C. § 6402(a).  The Treasury Department's regulations track this language, granting the IRS and its officials the power to credit any overpayment against "any outstanding liability for any tax."  Treas. Reg. 301.6402-1; 301.6402-3)(a) (6); 301.6402-4.  The statute and its accompanying regulations clearly demonstrate that Congress has vested the IRS with complete "discretion to apply overpayments to any tax liability" – discretion unmitigated by the express wishes of the taxpayers involved.  *In re Ryan*, 64 F.3d 1516, 1523 (11th Cir. 1995). *Accord Pettibone Corp v. United States*, 34 F.3d 536, 538 (7th Cir. 1994);  *Northern States Power Co. v. United States*, 73 F.3d 764, 767 (8th Cir. 1996).

In contrast, under the "voluntary payment rule," where a taxpayer with outstanding tax liabilities voluntarily makes a payment, there is no governing statute and "the IRS usually will honor [the] taxpayer's request about how to apply that payment. " *In re Ryan* at 1522.  However, there is a clear distinction between partial payments of delinquent tax debts -- to which no statute applies and to which the IRS applies its voluntary payment rule – and overpayments, which are governed by the clear rule of § 6402(A) and implementing regulations.  *Id* at 1523.

5

In this case, it is undisputed that the Larkins made no estimated tax payments towards their 2007 tax liability and did not submit a payment for the full amount of tax reported as due and owing prior to April 15, 2008. While they contend that the 2003 overpayment generated by their filing of an amended return in June 2008 should have been applied toward their 2007 tax liabilities, their desire to have these funds allocated to their 2007 tax liability, rather than refunded, is irrelevant. *Steinberg v. Commissioner of Internal Revenue*, 19 Fed. App. 498, 2001 WL 1154637 (9th Cir. 2001) (unpub) (recognizing government's discretion to credit or refund overpayment).

Because the Larkins did not pay their 2007 tax liability by the April 15, 2008 deadline, interest began to accrue on their tax liability for that year. 26 U.S.C. § 6601(a). On August 4, 2008, the IRS properly assessed that interest -- $1,031.35—and the correct tax to be due, $59,312.30.

Based on this set of undisputed facts, plaintiffs are not entitled to a refund of the accrued interest, and summary judgment is appropriately entered in favor of the IRS and against the plaintiffs' on the remaining refund claim. *Bryant v. Commissioner of Internal Revenue*, 22010 WL 4251118 (6th Cir. 2010)(affirming IRS' decision to apply income tax overpayment to a tax liability other than one requested by taxpayer); *Georgeff v. United States*, 67 Fed. Cl. 598 (Fed. Cl. 2005) (IRS has no obligation to credit a tax overpayment to specific preexisting outstanding tax liabilities upon taxpayer's request).

## Conclusion

It is accordingly **ORDERED AND ADJUDGED:**

1. The defendant's motion for summary judgment on the plaintiffs' sole remaining claim for refund of interest [ECF No. 20] is **GRANTED.**

2. Final summary judgment shall enter in favor of the defendant and against the plaintiffs by separate order of the court pursuant to Fed. R. Civ. P. 58(a).

3. In light of the foregoing, the plaintiffs' motion for continuance [ECF No. 32] and motion to compel discovery [ECF No. 31] are **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 20th day of June, 2012.

_____
Daniel T. K. Hurley
United States District Judge

cc. all counsel